**U.H.F.C. COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

Court No. 83–11–01598.

United States Court of
International Trade.

May 4, 1989.

Neville, Peterson & Williams, John M. Peterson, for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch and Elizabeth C. Seastrum, Civ. Div., U.S. Dept. of Justice, for defendant.

## OPINION AND ORDER

MUSGRAVE, Judge.

U.H.F.C. Company, plaintiff, has filed a motion with the Court for rehearing of the Court's opinion in Slip Op. 89–19, *U.H.F.C. Company v. United States*, 706 F.Supp. 914. U.H.F.C. has also filed a motion for oral argument on its motion for rehearing. Both U.H.F.C. motions are opposed by defendant, United States, which has filed motions to dismiss both of the plaintiff's motions in connection with plaintiff's request for rehearing.

In the referenced Slip Op. 89–19 dated February 14, 1989 the Court sustained the Department of Commerce's ("Commerce" or "ITA") computation of antidumping duty margins. U.H.F.C., in its motion for rehearing, contends that the Court, by affirming the ITA's findings and order, has usurped the authority of the ITA. The Court admires the novelty of this argument but it cannot accept the inverse logic contained therein.

While the Court may, and in fact does, have considerable sympathy with the plaintiff who, as a United States company and importer of foreign-made glue, appears likely to suffer serious financial damage as a result of the ITA's order, and while the Court might, along with plaintiff, wish that the ITA had used different criteria and

made other adjustments, this Court is not free to substitute its judgment for that of the ITA. Were it to do so it would indeed usurp the function of the Department of Commerce.

■ At oral argument of the case, plaintiff asserted all of the facts relied upon in its motion for rehearing except its new allegation of judicial error which it finds in the Court's observation that the evidence of price contained in the administrative record was not dispositive of the issue of value. It is from this observation by the Court that plaintiff asserts the usurpation by the Court of the ITA's prerogative. On the contrary, it is merely evidence, from the record of the case, that the ITA's. findings, while perhaps draconian, are in fact supported by substantial evidence and are in accordance with the law.

■ U.H.F.C. argues that the Court is required to remand the case to the ITA. The Court can find no basis for such an order of remand and except for suggesting, or requiring that the ITA reach a different conclusion than the one at which it previously arrived, based entirely upon the evidence that was previously before it, does not perceive how U.H.F.C. would be benefitted by such a remand. And the Court is not prepared to make findings in this proceeding and order the ITA to adopt them.

The Court finds that there would be no useful purpose served by further argument on these points and finds further that except for the novel theory of usurpation alluded to above, which the Court rejects, the motion for rehearing really simply requests a new trial. U.H.F.C.'s motion for rehearing, and its motion for oral argument on the motion for rehearing are both denied.

SO ORDERED.